UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BERNARD VINCENT MONTGOMERY,<br><br>            Petitioner,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | NO.  CV-06-367-FVS<br><br>ORDER DISMISSING PETITION |

   In 1997, Mr. Montgomery was convicted by a federal jury of conspiracy to manufacture methamphetamine, conspiracy to distribute methamphetamine, conspiracy to import methamphetamine, distribution of methamphetamine, and possession of ephedrine with intent to manufacture methamphetamine.  He was sentenced to life imprisonment.  The Ninth Circuit affirmed the judgment of conviction. *See U.S. v. Montgomery*, 150 F.3d 983 (9th Cir.) *cert. denied,* 525 U.S. 917 (1998).

   Mr. Montgomery filed numerous unsuccessful motions under 28 U.S.C. § 2255 and Rule 60(b).  He now seeks to file a petition for writ of habeas corpus under 28 U.S.C. § 2241, referencing *Zedner v. U.S.*, ___ U.S. ___, 126 S.Ct. 1976 (2006) and asserting unspecified violations of the Speedy Trial Act.

   A petition under 28 U.S.C. § 2241 must be filed in the district where the petitioner is in custody. *Hernandez v. Campbell*, 204 F.3d

ORDER DISMISSING PETITION -- 1

861, 864 (9th Cir. 2000) (per curiam).  Petitioner is currently being held in the United States Penitentiary in Beaumont, Texas.  For the reasons stated below, however, the court finds it would not serve the interests of justice to transfer this action.

Generally, a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, *see Ivy v. Pontesso,* 328 F.3d 1057, 1059 (9th Cir. 2003) (as amended). The restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241. *See Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam).

Petitioner appears to argue the unavailability of a second or successive § 2255 motion automatically allows him to bring a § 2241 petition. "[T]he general rule in this circuit is that the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective.'" *See Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)(quoting § 2255); *see also Moore,* 185 F.3d at 1055.  A § 2241 petition is available under the "escape hatch" of § 2255 only when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim. *Ivy v. Pontesso,* 328 F.3d at 1060.

A claim of actual innocence is tested by the standard articulated by the Supreme Court in *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604 (1998): "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623, 118 S.Ct. 1604 (internal quotation marks omitted); *see also Lorentsen,*

ORDER DISMISSING PETITION -- 2

223 F.3d at 954 (quoting this passage from *Bousley*). Here, Petitioner has presented no claim of "actual innocence" which might render a § 2255 motion "inadequate or ineffective."

Furthermore, Petitioner fails to state how he was prevented from asserting a claim that his rights under the Speedy Trial Act were violated in either his direct appeal or previous § 2255 motion. In *Zedner*, the United States Supreme Court determined on direct appeal that the Speedy Trial Act could not be prospectively waived, and the district court in that case was required to make findings on the record in support of an ends-of-justice continuance. The U.S. Supreme Court did not indicate its ruling was to apply retroactively to cases on collateral review.

Petitioner makes no assertion he was required to prospectively waive his rights under the Speedy Trial Act, or that the district court granted an ends-of-justice continuance without making requisite findings on the record. Regardless, in the absence of the "escape hatch" of § 2255, 28 U.S.C. § 2241 is not available to Petitioner.

Accordingly, **IT IS ORDERED** Mr. Montgomery's § 2241 petition is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner and close the file.

**DATED** this____16th____day of January 2007.

                          _____s/ Fred Van Sickle_____
                                    FRED VAN SICKLE
                             UNITED STATES DISTRICT JUDGE

ORDER DISMISSING PETITION -- 3